Assuming the truth of respondents’ allegations, as we must on this motion to dismiss, the result reached by the *181 court allows the trustees to escape responsibility for losses due in whole or in part to their own derelictions, and leaves respondents with a potential massive liability and no effective remedy against plaintiffs who are also wrongdoers. I do not believe that ERISA requires this unpalatable result, and therefore would affirm the order below.
ERISA allows a civil action to be brought by the Secretary of Labor or a participant, beneficiary or fiduciary (US Code, tit 29, § 1132, subd [a]) and in such actions it provides for exclusive Federal jurisdiction: “Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary” (US Code, tit 29, § 1132, subd [e], par [1]). A pivotal assumption underlying the majority’s holding is that respondents’ claims are barred because they are not within the classes of persons authorized to bring a civil action under ERISA. But a claim for relief is not necessarily pre-empted or extinguished because the initiating party falls outside the enumerated categories of subdivision (a) of section 1132. (See Franchise Tax Bd. v Construction Laborers Vacation Trust, 463 US 1.)
Nor is the provision for exclusive Federal jurisdiction a bar to entertaining respondents’ claims. First, that provision applies, by its own terms, only to actions brought by the enumerated persons, which do not include respondents. Second, it is well established that even where statutes preempt State law and provide for exclusive Federal jurisdiction State courts may, applying Federal law, decide issues necessary to the resolution of State causes of action (Hathorn v Lovorn, 457 US 255, 266, n 18; Pan Amer. Corp. v Superior Ct., 366 US 656, 664-665). Though the exclusive jurisdiction provision of ERISA might prohibit the commencement of a State court action seeking affirmative relief against the trustees for their derelictions as trustees, it still would not prevent the State court from considering such questions when they are part and parcel of defenses to a cause of action premised on State law. (See, e.g., Weiner v Shearson, Hammill & Co., 521 F2d 817; Shareholders Mgt. Co. v Gregory, 449 F2d 326; Birenbaum v Bache & Co., 555 SW2d 513 [Tex]). The same rationale should apply here. *182 Sustaining respondents’ claims against the trustees would not alter substantive rights created by ERISA or disturb any allocation of responsibility among employers subject to ERISA (Michota v Anheuser-Busch, Inc., Nos. 76-193, 77-2543 [DCNJ, decided Oct. 7, 1983, unpublished opn]), but would simply allow respondents to maintain apportionment claims in one action, as is common in tort cases in the State courts.
Since the result reached by the courts below complied with the State law and transgressed no overriding Federal interest, I vote to affirm.
Judges Jasen, Meyer and Simons concur with Judge Jones; Judge Kaye dissents and votes to affirm in a separate opinion in which Chief Judge Cooke and Judge Wachtler concur.
Order reversed, with costs, motion of the individual trustees granted, and the counterclaim, cross claims and third-party complaint against them dismissed, without prejudice to the right of Tolley International Corporation to apply for leave to replead as indicated in the opinion herein. Question certified answered in the negative.

 Appellants have not sought to strike respondents’ affirmative defense, which thus remains part of the action, raising the very issues this court concludes are beyond the jurisdiction of the State court.